IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCC ALAMEDA POINT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ALAMEDA ET AL.,<br><br>    Defendants.<br>                                                   / | No. C 10-05178 CRB<br><br>**DISCOVERY ORDER** |

    This case arises out of ongoing efforts by the City of Alameda to develop a major residential, commercial, and retail project at the former Alameda Naval Air Station ("Alameda Point"). The City entered into an Exclusive Negotiation Agreement ("ENA") with developer SCC Alameda Point ("SCC Alameda") in 2007 under which both sides were obligated to negotiate in good faith toward approval of an entitlement application; the entitlements would give SCC Alameda the right to develop Alameda Point. After SCC Alameda spent over $17 million working on the project with the ultimate goal of obtaining entitlements, the City Council voted to reject SCC Alameda's entitlement application.

    SCC Alameda filed suit claiming, among other things, that Defendants City of Alameda, Alameda Reuse and Redevelopment Authority, and Community Improvement Commission (collectively, "City Defendants") breached the ENA. City Defendants' breach allegedly caused SCC Alameda to suffer damages amounting to over $117 million ($17 million in reliance damages and over $100 million in lost profits). City Defendants moved to

dismiss SCC Alameda's breach of contract claim for damages. See City Mot. (dkt. 35). The Court denied that Motion in a separate order, see Order (dkt. 92), and now clarifies the limited discovery the parties may conduct with respect to the claim.

City Defendants attacked SCC Alameda's claim on the basis that the ENA contains a damage waiver clause precluding recovery of money damages. City Mot. at 4-12. The following clause contained in the ENA is at issue:

> Remedies. [N]either Alameda nor Developer shall be entitled to damages or monetary relief other than as set forth in this Section 7.4. Permitted remedies shall include (i) mandatory or injunctive relief, (ii) writ of mandate, (iii) termination of this Agreement, or (iv) a contract Claim . . . to recover money due to Alameda or Developer as a payment of Pre-Development Costs[1] or reimbursement of excess Pre-Development Cost deposits under Section 6 of this Agreement; provided, however, neither Alameda nor Developer shall be liable, regardless of whether the Claim is based in contract or tort, for any special, indirect or consequential damages.

ENA § 7.4. City Defendants claim that the clause precludes recovery of any and all monetary damages, see City Mot. at 7; SCC Alameda claims that the clause allows for recovery of reliance damages, see Supp. Opp'n (dkt. 71) at 3. The Court finds that the clause is facially ambiguous.

According to City Defendants, the damage waiver clause precludes SCC Alameda's recovery of lost profits (as "consequential" damages) and other out-of-pocket expenses SCC Alameda incurred during the negotiation period. See City Mot. at 5. City Defendants therefore argue that by signing the ENA, SCC Alameda waived any claim for money damages in the event of a breach. Id. The only monetary recovery available to SCC Alameda, under City Defendants' interpretation of 7.4, would be a restitution of its initial payment for pre-development costs ($1 million). See id. at 2, 5.

SCC Alameda disagrees with City Defendants' interpretation of section 7.4 of the ENA. Supp. Opp'n at 6-7. The clause, according to SCC Alameda, does not preclude it from recovering damages sustained as a result of its reliance on City Defendants' promise to

---

[1] Section 6.2 of the ENA defines Pre-Development Costs as "third-party consultant and legal costs and expenses and Alameda staff time, as such staff time shall be reflected in the Annual Budget (as defined below), related to the negotiation and preparation of this Agreement and the Transaction Documents . . . incurred from and after the Effective Date . . . ." (emphasis added).

2

1 negotiate in good faith ($17 million). See id. SCC Alameda offers to "introduce extrinsic
2 evidence of the parties' negotiations and intent to support its interpretation of Section 7.4."
3 Id. at 5.

4 Section 7.4 is ambiguous and subject to different interpretations. It first lists the
5 "permitted" monetary remedies available to the parties in the event of a breach. Its list of
6 remedies, as City Defendants assert, includes only one type of claim for monetary recovery:
7 "a contract Claim . . . to recover money due to Alameda or Developer as a payment of
8 Pre-Development Costs or reimbursement of excess Pre-Development Cost deposits." If the
9 provision ended there, then City Defendants' interpretation might be persuasive. However,
10 the provision continues, and creates an important exception: neither party may recover
11 "special, indirect or consequential damages."

12 City Defendants first argue that the only monetary relief mentioned in the first half of
13 the provision – a refund of Pre-Development Costs – would not constitute special, indirect,
14 or consequential damages. See Supp. Reply (dkt. 87) at 7. They then argue that the
15 exception appearing after the semi-colon only "reinforce[d]" the parties' understanding that
16 special, indirect, or consequential damages were not recoverable. Id. Finally, they argue that
17 "[i]t would have made no sense for the parties in that final clause to prohibit recovery of
18 out-of-pocket costs" because such costs were not included in the list of permitted remedies.
19 Id. If making an exception for out-of-pocket expenses was nonsensical because the clause
20 did not otherwise allow for them, however, then making an exception for special, indirect, or
21 consequential damages was also nonsensical because, as City Defendants explicitly argue,
22 the clause did not otherwise allow for them either.

23 When interpreting contracts, the agreement must be "read as a whole in a manner
24 which reconciles apparent repugnancies and, to the extent possible, gives some meaning to
25 each clause." S. Pac. Land Co. v. Westlake Farms, Inc., 188 Cal. App. 3d 807, 823 (1987)
26 (finding that an inconsistency between two lease terms gave "rise to a facial ambiguity which
27 invite[d] the admission of extrinsic evidence"). City Defendants ask this Court to interpret
28 section 7.4 in a way that leaves the exception for special, indirect, and consequential

damages superfluous and without meaning or effect. That the parties specifically included an exception for such damages suggests that they believed that without the exception, the provision would have allowed them to recover such damages. Because the parties created an exception for special, indirect, and consequential damages, and did not create an exception for reliance damages, the clause appears subject to an interpretation that allows for recovery of reliance damages.

Whether the parties intended to make reliance damages recoverable is unclear from the face of the contract. Therefore, the Court orders the parties to conduct limited discovery to resolve the facial ambiguity. Whether the ENA allows for recovery of reliance damages is of great consequence to the breach of contract action. If the parties intended the ENA to preclude recovery of reliance damages, then SCC Alameda's remedies for breach will be severely limited. It would at most recover $1 million in Pre-Development Costs, and would not be able to recover the $17 million it claims in reliance damages. Thus the scope of discovery ordered at this time is narrow: the parties may conduct discovery only for the purpose of demonstrating their intent as to whether the damage waiver clause would preclude recovery of reliance damages. If the extrinsic evidence demonstrates that the parties intended the clause to allow for recovery of reliance damages, then the Court will consider allowing the parties to conduct further discovery on the merits.

**IV. CONCLUSION**

For the foregoing reasons, the Court orders the parties to conduct limited discovery on the interpretation of the damage waiver clause.

**IT IS SO ORDERED.**

Dated: October 24, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE